R. H. ROWSSEAU *v.* J. F. SHECKLER.

**Judgments—Final Judgment—Order Sustaining Attachment.**
    An order of court authorizing the plaintiff to withdraw the proceeds of the attached property from the hands of the officers, is in effect to sustain the attachment, and is a final judgment so far as the order of attachment is concerned.

**Attachment—Failure to Execute Bond—Proceeds Paid to Plaintiff.**

It is error to pay over to the plaintiff the proceeds of attached property without the execution of the bond required by section 440 of the Civil Code.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

April 29, 1871.

OPINION BY JUDGE LINDSAY:

The order of court authorizing the plaintiff to withdraw the proceeds of the attached property from the hands of the officer, and thereby to put it out of the control of the court, was in effect to sustain the attachment. Section 250 of the Civil Code provides, that "If judgment is rendered for the plaintiff, the court shall apply in satisfaction thereof, the proceeds arising from the sales of perishable property, etc." This order applied to the payment of the appellee's claim the proceeds of attached personal property. It is true no personal judgment was rendered against Rowsseau who was not before the court but by the services of summons the claim of Sheckler was distinctly recognized and paid." He sought no further relief, and could be entitled to none in this proceeding. "Hence the case was finally disposed of so far as the order of attachment was concerned, and this appeal is properly prosecuted."

As the property was sold and the proceeds paid over to the appellee without the execution of the bond required by section 440 of the Civil Code, the proceeding is erroneous.

The order applying the proceeds of said attached property to the payment of Sheckler's claim is therefore reversed, and the cause remanded for further proceedings.

*Demitz & Hubble, for appellant.*

*Bar & Goodloe, for appellee.*